UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BENJAMIN THAYER and EMILY HAY, | Case No. 25-cv-3801 (LMP/DLM) |
| Plaintiffs, | |
| v. | **ORDER** |
| BMO BANK, N.A., | |
| Defendant. | |

Plaintiffs Benjamin Thayer and Emily Hay ("Plaintiffs") filed a complaint against Defendant BMO Bank, N.A. ("BMO"), alleging they deposited a cashier's check into their bank account with BMO, but BMO did not make any funds from the check available to them by the next day in violation of the Expedited Funds Availability Act ("EFAA"); Title 12, Chapter II, Subchapter A, Part 229 of the Code of Federal Regulations ("Regulation CC"); and various state laws. ECF No. 1. Rather than paying the filing fee associated with opening a new matter, Plaintiffs request to proceed *in forma pauperis* ("IFP"). ECF Nos. 2, 9–10. Plaintiffs also filed a motion for a temporary restraining order ("TRO"), ECF No. 4, and a motion for a preliminary injunction, ECF No. 8, requesting an order directing BMO to provide funds sufficient for them to secure housing pending resolution of this action and enjoining BMO from violating Regulation CC in the future.

As an initial matter, Plaintiffs' IFP applications appear to satisfy the requirements for them to proceed IFP in this action. Therefore, Plaintiffs' IFP applications are granted.

Turning to Plaintiffs' motions for a TRO and a preliminary injunction, the standard for analyzing both is the same. The Court considers: (1) the threat of irreparable harm to Plaintiffs if an injunction is not granted; (2) the harm suffered by Plaintiffs if injunctive relief is denied as compared to the effect on BMO if injunctive relief is granted; (3) the public interest; and (4) the probability that Plaintiffs will succeed on the merits. *Benfield, Inc. v. Moline*, 351 F. Supp. 2d 911, 916 (D. Minn. 2024) (citing *Dataphase Sys. Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). To succeed in obtaining a preliminary injunction, Plaintiffs "must first show irreparable harm that is not compensable with money damages." *Minn. Made Hockey, Inc. v. Minn. Hockey, Inc.*, 761 F. Supp. 2d 848, 856 (D. Minn. 2011); *see Beber v. NavSav Holdings, LLC*, 140 F.4th 453, 461 (8th Cir. 2025) (citation omitted) ("Irreparable harm occurs when a party has no adequate remedy at law, typically because [their] injuries cannot be fully compensated through an award of damages."). Speculative harm, however, "does not support a preliminary injunction." *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 779 (8th Cir. 2012).

Here, Plaintiffs allege they were injured by BMO's conduct because they could not pay their rent, which "directly caused their eviction, homelessness, and severe health harms." ECF No. 4 at 1; *see* ECF No. 8 at 1. They request a TRO and preliminary injunction to obtain the necessary funds to secure housing while this case is pending. ECF No. 4 at 2; ECF No. 8 at 3. But this is exactly the type of injury that is compensable by

monetary damages if Plaintiffs prevail on the merits of their claims.[1] *See Beber*, 140 F.4th at 461 (citation omitted) ("Economic loss, on its own, is not an irreparable [harm] so long as the losses can be recovered." (alteration in original)).  Further, Plaintiffs request injunctive relief to prevent BMO from engaging in similar conduct in the future, but Plaintiffs offer no facts suggesting that this concern is based on anything more than mere speculation, which is insufficient to support a preliminary injunction.  *See S.J.W.*, 696 F.3d at 779.  Therefore, the injunctive relief Plaintiffs request is not appropriate, and their motions for a TRO and preliminary injunction are denied.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4) is **DENIED**;

2. Plaintiffs' Motion for Preliminary Injunction (ECF No. 8) is **DENIED**;

3. Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs (ECF Nos. 2, 9, and 10) are **GRANTED**;

4. Plaintiffs must submit a properly completed U.S. Marshals Service Form (Form USM-285) to effect service on BMO;

---

[1] To be clear, the Court does not offer any remarks on the potential merits of Plaintiffs' claims.

5. If Plaintiffs do not complete and return the U.S. Marshals Service Form within 30 days of the date of this Order, this matter may be dismissed without prejudice for failure to prosecute, consistent with Federal Rule of Civil Procedure 41(b);

6. Upon receipt of a completed U.S. Marshals Service Form, the Clerk of Court is directed to seek a waiver of service from BMO, consistent with Federal Rule of Civil Procedure 4(d)(1); and

7. If BMO fails, without good cause, to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon BMO the expenses later incurred in effecting service of process, consistent with Federal Rule of Civil Procedure 4(d)(2).

Dated: October 14, 2025                     *s/Laura M. Provinzino*
                                            Laura M. Provinzino
                                            United States District Judge